FILED
CLERK, U.S. DISTRICT COURT

SFP 1 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LOLLICUP USA, INC., a California corporation, | Case No. 12-cv-8575-CBM (JEMx) |
| Plaintiff, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| v. | |
| VIGOUR PAK CO., LTD., aka VIGOUR GROUP, aka VIGOUR PACK, a Taiwanese business entity form unknown; VIGOURPLASTIC CO., LTD., PORTER BROS. CONSULTING, LLC, an Arizona limited liability company dba FrozenDessertSupplies.com; and DOES 1 through 10, | |
| Defendants. | |
| VIGOUR PAK CO., LTD., and VIGOURPLASTIC CO., LTD., | |
| Counterclaimants, | |
| v. | |
| LOLLICUP USA, INC., | |
| Counterdefendant. | |

1   **1.**     **PURPOSES AND LIMITATIONS**

2         Disclosure and discovery activity in this action are likely to involve

3 production of confidential, proprietary, or private information for which special

4 protection from public disclosure and from use for any purpose other than

5 prosecuting this litigation may be warranted. For example, the parties believe

6 discovery in this action is likely to include documents, discovery responses,

7 testimony and/or information reflecting the parties' customer lists, pricing

8 information, manufacturing costs, business strategies, and other sensitive business

9 and/or personal information. The parties believe that disclosure of this information

10 to the public, or in some cases disclosure to representatives of the receiving party

11 other than outside counsel of record, is likely to harm the legitimate competitive or

12 other business interests of the producing party. Accordingly, the parties hereby

13 stipulate to and petition the court to enter the following Stipulated Protective Order.

14 The parties acknowledge that this Order does not confer blanket protections on all

15 disclosures or responses to discovery and that the protection it affords from public

16 disclosure and use extends only to the limited information or items that are entitled

17 to confidential treatment under the applicable legal principles.

18         The parties further acknowledge, as set forth in Section 12.3, below, that this

19 Stipulated Protective Order does not entitle them to file confidential information

20 under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed

21 and the standards that will be applied when a party seeks permission from the court

22 to file material under seal.

23   **2.**     **DEFINITIONS**

24       2.1     Challenging Party: a Party or Non-Party that challenges the

25 designation of information or items under this Order.

26       2.2     "CONFIDENTIAL" Information or Items: information (regardless of

27 how it is generated, stored or maintained) or tangible things that qualify for

28 protection under Federal Rule of Civil Procedure 26(c).

- 1 -           [PROPOSED] STIPULATED PROTECTIVE ORDER
                                              12-cv-8575-CBM (JEMx)

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as such attorneys' support staff.

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14   Receiving Party:  a Party that receives Disclosure or Discovery

- 2 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
12-CV-8575-CBM (JEMx)

1   Material from a Producing Party.

2   **3.      SCOPE**

3         The protections conferred by this Stipulation and Order cover not only

4   Protected Material (as defined above), but also (1) any information copied or

5   extracted from Protected Material; (2) all copies, excerpts, summaries, or

6   compilations of Protected Material; and (3) any testimony, conversations, or

7   presentations by Outside Counsel of Record that might reveal Protected Material.

8   However, the protections conferred by this Stipulation and Order do not cover the

9   following information:  (a) any information that is in the public domain at the time

10  of disclosure to a Receiving Party or becomes part of the public domain after its

11  disclosure to a Receiving Party as a result of publication not involving a violation

12  of this Order, including becoming part of the public record through trial or

13  otherwise; and (b) any information known to the Receiving Party prior to the

14  disclosure or obtained by the Receiving Party after the disclosure from a source

15  who obtained the information lawfully and under no obligation of confidentiality to

16  the Designating Party.  Any use of Protected Material at trial shall be governed by a

17  separate agreement or order.

18  **4.      DURATION**

19        Even after final disposition of this litigation, the confidentiality obligations

20  imposed by this Order shall remain in effect until a Designating Party agrees

21  otherwise in writing or a court order otherwise directs.  Final disposition shall be

22  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

23  or without prejudice; and (2) final judgment herein after the completion and

24  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

25  including the time limits for filing any motions or applications for extension of time

26  pursuant to applicable law.

27  ///

28  ///

[PROPOSED] STIPULATED PROTECTIVE ORDER
12-CV-8575-CBM (JEMx)

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

[PROPOSED] STIPULATED PROTECTIVE ORDER
12-CV-8575-CBM (JEMx)

1    A Party or Non-Party that makes original documents or materials available

2    for inspection need not designate them for protection until after the inspecting Party

3    has indicated which material it would like copied and produced.  During the

4    inspection and before the designation, all of the material made available for

5    inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6    After the inspecting Party has identified the documents it wants copied and

7    produced, the Producing Party must determine which documents, or portions

8    thereof, qualify for protection under this Order. Then, before producing the

9    specified documents, the Producing Party must affix the "CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY" legend to each page that contains Protected

11   Material.  If only a portion or portions of the material on a page qualifies for

12   protection, the Producing Party also must clearly identify the protected portion(s)

13   (e.g., by making appropriate markings in the margins).

14        (b)  for testimony given in deposition or in other pretrial or trial proceedings,

15   that the Designating Party identify on the record, before the close of the deposition,

16   hearing, or other proceeding, all protected testimony.  A Party believing that at least

17   some of the testimony given at a deposition includes information that may properly

18   be designated as Protected Material may state on the record before the close of the

19   deposition that the entire transcript shall tentatively be deemed Protected Material.

20   The Designating Party shall then, within fourteen (14) days after receipt of the

21   deposition transcript, designate in writing the specific portions of the transcript, if

22   any, that shall thereafter be designated as "CONFIDENTIAL – ATTORNEYS'

23   EYES ONLY."  Until the expiration of said fourteen (14)-day period, the entire

24   transcript shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25   Pages of transcribed deposition testimony or exhibits to depositions that reveal

26   Protected Material must be separately bound by the court reporter and may not be

27   disclosed to anyone except as permitted under this Stipulated Protective Order.

28   (c)  for information produced in some form other than documentary and for any

- 5 -

1   other tangible items, that the Producing Party affix in a prominent place on the

2   exterior of the container or containers in which the information or item is stored the

3   legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or

4   portions of the information or item warrant protection, the Producing Party, to the

5   extent practicable, shall identify the protected portion(s).

6       5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent

7   failure to designate qualified information or items does not, standing alone, waive

8   the Designating Party's right to secure protection under this Order for such

9   material. Upon timely correction of a designation, the Receiving Party must make

10  reasonable efforts to assure that the material is treated in accordance with the

11  provisions of this Order.

12  **6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

13      6.1   Timing of Challenges. Any Party or Non-Party may challenge a

14  designation of confidentiality at any time. Unless a prompt challenge to a

15  Designating Party's confidentiality designation is necessary to avoid foreseeable,

16  substantial unfairness, unnecessary economic burdens, or a significant disruption or

17  delay of the litigation, a Party does not waive its right to challenge a confidentiality

18  designation by electing not to mount a challenge promptly after the original

19  designation is disclosed.

20      6.2   Meet and Confer. The Challenging Party shall initiate the dispute

21  resolution process by providing written notice of each designation it is challenging

22  and describing the basis for each challenge. To avoid ambiguity as to whether a

23  challenge has been made, the written notice must recite that the challenge to

24  confidentiality is being made in accordance with this specific paragraph of the

25  Protective Order. The parties shall attempt to resolve each challenge in good faith

26  and must begin the process by conferring directly (in voice to voice dialogue; other

27  forms of communication are not sufficient) within 14 days of the date of service of

28  notice. In conferring, the Challenging Party must explain the basis for its belief that

- 6 -

1   the confidentiality designation was not proper and must give the Designating Party

2   an opportunity to review the designated material, to reconsider the circumstances,

3   and, if no change in designation is offered, to explain the basis for the chosen

4   designation.  A Challenging Party may proceed to the next stage of the challenge

5   process only if it has engaged in this meet and confer process first or establishes

6   that the Designating Party is unwilling to participate in the meet and confer process

7   in a timely manner.

8        6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without

9   court intervention, the Designating Party shall file and serve a motion to retain

10  confidentiality within 21 days of the initial notice of challenge or within 14 days of

11  the parties agreeing that the meet and confer process will not resolve their dispute,

12  whichever is earlier.  The motion shall comply with the requirements of Local Civil

13  Rule 37-1.  Each such motion must be accompanied by a competent declaration

14  affirming that the movant has complied with the meet and confer requirements

15  imposed in the preceding paragraph.  Failure by the Designating Party to make such

16  a motion including the required declaration within 21 days (or 14 days, if

17  applicable) shall automatically waive the confidentiality designation for each

18  challenged designation.  In addition, the Challenging Party may file a motion

19  challenging a confidentiality designation at any time if there is good cause for doing

20  so, including a challenge to the designation of a deposition transcript or any

21  portions thereof.  Any motion brought pursuant to this provision must be

22  accompanied by a competent declaration affirming that the movant has complied

23  with the meet and confer requirements imposed by the preceding paragraph.

24  The burden of persuasion in any such challenge proceeding shall be on the

25  Designating Party.  Frivolous challenges, and those made for an improper purpose

26  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

27  expose the Challenging Party to sanctions.  Unless the Designating Party has

28  waived the confidentiality designation by failing to file a motion to retain

- 7 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
12-cv-8575-CBM (JEMX)

1  confidentiality as described above, all parties shall continue to afford the material in

2  question the level of protection to which it is entitled under the Producing Party's

3  designation until the court rules on the challenge.

4  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

5       7.1    Basic Principles. A Receiving Party may use Protected Material that is

6  disclosed or produced by another Party or by a Non-Party in connection with this

7  case only for prosecuting, defending, or attempting to settle this litigation. Such

8  Protected Material may be disclosed only to the categories of persons and under the

9  conditions described in this Order. When the litigation has been terminated, a

10  Receiving Party must comply with the provisions of section 13 below (FINAL

11  DISPOSITION).

12       7.2    Storage of "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

13  Information or Items. Protected Material must be stored and maintained by a

14  Receiving Party at a location and in a secure manner that ensures that access is

15  limited to the persons authorized under this Order.

16       7.2    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

17  Information or Items. Unless otherwise ordered by the court or permitted in writing

18  by the Designating Party, a Receiving Party may disclose any information or item

19  designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

20       (a) the Receiving Party's Outside Counsel of Record in this action;

21       (b) Experts (as defined in this Order) of the Receiving Party to whom

22  disclosure is reasonably necessary for this litigation and who have signed the

23  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24       (c) the court and its personnel;

25       (d) court reporters and their staff and Professional Vendors to whom

26  disclosure is reasonably necessary for this litigation;

27       (e) professional jury or trial consultants and mock jurors to whom disclosure

28  is reasonably necessary for this litigation and who have signed the

- 8 -

1    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2            (f)   with respect to a particular item of Protected Material, any person listed

3    as an author or recipient thereof; and

4            (g)   during their depositions, any current officer, director, or employee of the

5    Designating Party.

6    **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED**

7    **         PRODUCED IN OTHER LITIGATION**

8            If a Receiving Party is served with a subpoena or a court order issued in other

9    litigation that compels disclosure of any information or items designated by another

10   Party in this action as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that

11   Receiving Party must:

12           (a)   promptly notify in writing the Designating Party.  Such notification shall

13   include a copy of the subpoena or court order;

14           (b)   promptly notify in writing the party who caused the subpoena or order to

15   issue in the other litigation that some or all of the material covered by the subpoena

16   or order is subject to this Protective Order.  Such notification shall include a copy

17   of this Stipulated Protective Order; and

18           (c)   cooperate with respect to all reasonable procedures sought to be pursued

19   by the Designating Party whose Protected Material may be affected.

20   If the Designating Party timely seeks a protective order, the Receiving Party served

21   with the subpoena or court order shall not produce any information designated in

22   this action as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

23   determination by the court from which the subpoena or order issued, unless the

24   Receiving Party has obtained the Designating Party's written permission.  The

25   Designating Party shall bear the burden and expense of seeking protection in that

26   court of its confidential material – and nothing in these provisions should be

27   construed as authorizing or encouraging a Receiving Party in this action to disobey

28   a lawful directive from another court.

9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.☐ Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

[PROPOSED] STIPULATED PROTECTIVE ORDER
12-CV-8575-CBM (JEMX)

'5

1    **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

2         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

3    Protected Material to any person or in any circumstance not authorized under this

4    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

5    writing the Designating Party of the unauthorized disclosures, (b) use its best

6    efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

7    person or persons to whom unauthorized disclosures were made of all the terms of

8    this Order, and (d) ask such person or persons to execute the "Acknowledgment and

9    Agreement to Be Bound" that is attached hereto as Exhibit A.

10   **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

11   **        PROTECTED MATERIAL**

12        When a Producing Party gives notice to any Receiving Party that certain

13   inadvertently produced material is subject to a claim of privilege or other

14   protection, each Receiving Party shall be subject to the obligations set forth in

15   Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to

16   modify whatever procedure may be established in an e-discovery order that

17   provides for production without prior privilege review.  Pursuant to Federal Rule of

18   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

19   disclosure of a communication or information covered by the attorney-client

20   privilege or work product protection, the parties may incorporate their agreement in

21   the stipulated protective order submitted to the court.

22   **12.    MISCELLANEOUS**

23        12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

24   person to seek its modification by the court in the future.

25        12.2   Right to Assert Other Objections.  By stipulating to the entry of this

26   Protective Order, no Party waives any right it otherwise would have to object to

27   disclosing or producing any information or item on any ground not addressed in

28   this Stipulated Protective Order.  Similarly, no Party waives any right to object on

- 11 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
12-CV-8575-CBM (JEMx)

1　any ground to the use in evidence of any of the material covered by this Protective

2　Order.

3　　　　12.3　Filing Protected Material. Without written permission from the

4　Designating Party or a court order secured after appropriate notice to all interested

5　persons, a Party may not file in the public record in this action any Protected

6　Material. A Party that seeks to file under seal any Protected Material must comply

7　with Civil Local Rule 79-5.1. Protected Material may only be filed under seal

8　pursuant to a court order authorizing the sealing of the specific Protected Material

9　at issue. Pursuant to Civil Local Rule 79-5.1, a sealing order will issue only upon a

10　request establishing that the Protected Material at issue is entitled to protection

11　under the law. If a Receiving Party's request to file Protected Material under seal

12　pursuant to Civil Local Rule 79-5.1 is denied by the court, the Receiving Party may

13　file the information in the public record unless otherwise instructed by the court.

14　**13.　FINAL DISPOSITION**

15　　　　Within 60 days after the final disposition of this action, as defined in

16　paragraph 4, each Receiving Party must return all Protected Material to the

17　Producing Party or destroy such material. As used in this subdivision, "all

18　Protected Material" includes all copies, abstracts, compilations, summaries, and any

19　other format reproducing or capturing any of the Protected Material. Whether the

20　Protected Material is returned or destroyed, the Receiving Party must submit a

21　written certification to the Producing Party (and, if not the same person or entity, to

22　the Designating Party) by the 60 day deadline that (1) identifies (by category, where

23　appropriate) all the Protected Material that was returned or destroyed and (2)

24　affirms that the Receiving Party has not retained any copies, abstracts,

25　compilations, summaries or any other format reproducing or capturing any of the

26　Protected Material. Notwithstanding this provision, Outside Counsel of Record are

27　entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

28　and hearing transcripts, legal memoranda, correspondence, deposition and trial

- 12 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
12-CV-8575-CBM (JEMx)

1  exhibits, expert reports, attorney work product, and consultant and expert work

2  product, even if such materials contain Protected Material.  Any such archival

3  copies that contain or constitute Protected Material remain subject to this Protective

4  Order as set forth in Section 4 (DURATION).

5  **14.   GOOD CAUSE STATEMENT**

6        Documents, discovery responses, testimony, and other information

7  designated by a party as "CONFIDENTIAL" or "CONFIDENTIAL-

8  ATTORNEYS EYES ONLY" under this order—such as pricing information,

9  customer lists, sales figures, business strategies, account numbers, performance

10  trends, and other proprietary information—are by definition believed by the

11  designating party in good faith to be (1) likely to harm the legitimate competitive or

12  other business interests of the designating party if disclosed to the general public, or

13  in some cases disclosed to representatives of the receiving party other than outside

14  counsel of record, and therefore (2) subject to protection under Federal Rule of

15  Civil Procedure 26(c).

16        Absent this protective order, the parties will be prejudiced because

17  information that they believe in good faith to be their proprietary business

18  information may become known to persons who would not otherwise be entitled to

19  that information and who may use that information to gain unfair competitive or

20  other business advantages.

21        Accordingly, good cause having been shown, the Court hereby enters the

22  stipulated protective order agreed to by the parties.

23        **IT IS SO ORDERED.**

24  DATED:  9/12/2013   _John E. McDermott_

25        Hon. John E. McDermott
      United States Magistrate Judge

26

27

28

- 13 -

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ [date] in the case of *Lollicup USA, Inc. v. Vigour Pak Co.,*

*Ltd. et al.,* Case No. 12-cv-8575-CBM (JEMx). I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order. I understand and

acknowledge that failure to comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name:        _____

Signature:        _____